1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Crispulo Cabillo,

     Plaintiff

v.

Red Rock Financial Services,

     Defendant

**2:16-cv-01967-JAD-CWH**

**Order Granting Motion to Dismiss**

[ECF No. 7]

     Pro se plaintiff Crispulo Cabillo alleges that Red Rock Financial Services violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect the assessments that he owes to his homeowners' association, the Belvedere Towers Owners Association (the "HOA"). The crux of Red Rock's violation, Cabillo claims, was its failure to provide him a copy of a contract between him and the HOA when he asked Red Rock to verify the debt, leaving him without "one scintilla of proof" of it.[1] Red Rock moves to dismiss Cabillo's complaint, arguing that it properly advised Cabillo of the nature of his obligation to this creditor—not a contract but the recorded Declaration of Conditions, Covenants, and Restrictions that applies to his property and binds him as its owner to pay certain assessments to the HOA.[2] Because the exhibits that Cabillo has attached to his complaint belie his allegations that Red Rock violated the FDCPA, I grant Red Rock's motion and dismiss this case.

**Discussion**

**A.    Motion-to-dismiss standards**

     District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations

---

[1] ECF No. 1 at ¶ 15.

[2] ECF No. 7.

1    in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[3]

2    Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[4]

3    Second, the court must consider whether the well-pled factual allegations state a plausible claim for

4    relief.[5]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a

5    reasonable inference that the defendant is liable for the alleged misconduct.[6]  A complaint that does

6    not permit the court to infer more than the mere possibility of misconduct has "alleged—but not

7    shown—that the pleader is entitled to relief," and it must be dismissed.[7]  "Generally, a district court

8    may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However,

9    material [that] is properly submitted as part of the complaint may be considered."[8]

10   **B.    The exhibits attached to Cabillo's complaint belie his FDCPA claim.**

11          Cabillo's single FDCPA claim is based on these non-conclusory factual allegations[9]:

12   "Defendants [sic] have failed to provide one scintilla of proof of their alleged debt.  However

13   defendants [sic] continues to make attempts at collection of the alleged debt."[10]  And "Plaintiff

14   denies any loan or debt owed."[11]  Based on these allegations, Cabillo claims that Red Rock has

15   violated § 1692d of the FDCPA (which makes it unlawful to "harass, oppress, or abuse any person in

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[4] *Id*.

[5] *Id.* at 679.

[6] *Id.*

[7] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

[9] Cabillo also alleges these conclusory facts: "defendant knew it was not entitled to collect on the non-existent debt," "Defendants were fully aware that they were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendants," and "Plaintiff is otherwise unable to ascertain the validity of defendant's alleged debt and the amounts they claim is due and owing."  ECF No. 1 at ¶¶ 17–19.

[10] ECF No. 1 at ¶ 15.

[11] *Id*. at ¶ 19.

1    connection with the collection of a debt"); § 1692e (which prohibits the use of "false, deceptive, or

2    misleading representation[s] or means in connection with the collection of any debt"); § 1692f

3    (which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any

4    debt"); and § 1692i (which places certain limits on legal actions by debt collectors).[12]

5    　　　But the exhibits that Cabillo has attached to his complaint reveal that his theory is based on a

6    fundamental factual and legal misunderstanding.  It is true that the HOA does not have a contractual

7    agreement with Cabillo that created the debt he owes to the HOA.  His debt obligation has another

8    source: the HOA's Declaration of Covenants, Conditions, and Restrictions recorded against his

9    property, which requires him to pay assessments to the HOA for the upkeep of his condominium

10   community.[13]  The deed that transferred Cabillo's unit to him expressly put Cabillo on notice that his

11   rights in the property are subject to these CC&Rs,[14] and the exhibits that Cabillo provided with his

12   complaint reflect that Red Rock gave him another copy of that deed in its correspondence about this

13   debt.[15]

14   　　　Nevada law recognizes and provides strong enforcement mechanisms for collecting the

15   assessments that CC&Rs obligate homeowners to pay.[16]  NRS Chapter 116—Nevada's codification

16   of the Uniform Common Interest Ownership Act of 1982—gives homeowners' associations a lien

17   against the property, enforceable by non-judicial foreclosure, for any unpaid assessments and fines

18

19

20

---

21   [12] *Id*. at ¶ 16.

22   [13] ECF No. 1 at 12 (Notice of Default and Election to Sell).

23   [14] *Id*. at 25 (deed).

24

25   [15] *Id*. at 19 (letter explaining "The Belvedere Towers Owners Association (the Association)
     Conditions Covenants and Restrictions (CC&R's) explains that by accepting Title to the above

26   mentioned property the Homeowner is agreeing to pay to the Association all assessments as they
     become due.  Enclosed is a copy of the Deed, which acts as the contract to pay the assessments.").

27   [16] *See* Nev. Rev. Stat. § 116.001 et seq.; *see also SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408

28   (Nev. 2014).

1 levied against it.[17]  The documentation that Cabillo attached to his complaint reflects that Red Rock,

2 on behalf of his HOA, commenced non-judicial foreclosure proceedings on Cabillo's unit after he

3 failed to pay thousands of dollars in assessments that the CC&Rs obligated him to pay.[18]  These

4 documents belie his lynchpin factual allegation that Red Rock "failed to provide one scintilla of

5 proof of their alleged debt"[19] that is thus "non-existent," and they disprove all of Cabillo's FDCPA

6 violation theories.

7      I thus grant Red Rock's motion to dismiss because the documents attached to Cabillo's

8 complaint show that his claim is based on a fundamental misunderstanding of fact and law.  And

9 because it does not appear to me that this fatal flaw can be cured by amendment, my dismissal is

10 with prejudice and without leave to amend.

11                              **Conclusion**

12      Accordingly, IT IS HEREBY ORDERED that Red Rock's **Motion to Dismiss [ECF No. 7]**

13 **is GRANTED.  This action is DISMISSED with prejudice.**  The Clerk of Court is directed to

14 **ENTER JUDGMENT** in favor of the defendant and **CLOSE THIS CASE**.

15      Dated this 30th day of March, 2017.

16      _____

17      Jennifer A. Dorsey
        United States District Judge

18

19

20

21

22

23 [17] *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66 (Nev. 2016); Nev. Rev. Stat. § 116.3116;
   *SFR*, 334 P.3d at 417 ("the choice of foreclosure method for HOA liens is the Legislature's, and the
24 Nevada Legislature has written NRS Chapter 116 to allow nonjudicial foreclosure of HOA liens,
   subject to the special notice requirements and protections handcrafted by the Legislature in NRS
25 116.31162 through NRS 116.31168"), modified on other grounds in *Saticoy Bay LLC Series 350
   Durango 104 v. Wells Fargo Home Mortg.*, 388 P.3d 970 (Nev., Jan. 26, 2017).
26

27 [18] *See* ECF No. 1 at 11–15, 19–34.

28 [19] ECF No. 1 at ¶ 15.